Thomas B. Jubin
Jubin & Zerga LLC
P. O. Box 943
Cheyenne, WY  82003-0943
Phone:  307-637-4965
Fax: 307-637-4788
tom@jubinzerga.com

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 10-CR-329-F |
| | ) | |
| RAYMUNDO CORREA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RAYMUNDO CORREA'S
RESPONSE TO GOVERNMENT'S MOTION TO RECONSIDER DISCLOSURE
OF WITNESS LISTS**

Defendant, Raymundo Correa, by and through his attorney, Thomas B. Jubin, hereby

responds to the government's motion to reconsider disclosure of witness lists as follows.

The undersigned counsel has been actively practicing in the Federal District Court for

the District of Wyoming for twenty years, since 1991.  It has been routine that the parties in

criminal cases provide witness lists at the commencement of the proceedings.  More than

routine, it is the subject of L. Cr. R. 12.1, which requires just that. The Court has the inherent authority to promote the orderly presentation of evidence at the trials over which it presides. The fact that there may be no constitutional right that the government offends by seeking to avoid the local rule is not a basis for altering established procedure.

At the last federal criminal case the undersigned tried, before Judge Johnson, (a single-defendant case) the government's prosecutors were from the District of Columbia and not familiar with Local Rule 12.1. Once they learned of it, they tried to play cute and provide the list only to the Court and its personnel (as the rule states) instead of to counsel as well. The Court put a stop to that nonsense, and an embarrassed prosecutor provided the list to defense counsel.

Over the years such disclosures have been routine. This becomes particularly important in multi-defendant cases where the orderly presentation of evidence is greatly enhanced by daily witness lists. This Court was spot-on to follow what has been done in the past. Counsel recalls this procedure being employed by Judge Brimmer in *United States v Gilmore*, a multi-defendant case from the early 1990's, and several times thereafter. This saved considerable time and kept the case moving. It also allowed counsel to focus on the evidence likely to be presented the next day so that examinations were organized and efficiently reduced rather than broad ranging and laborious. Certainly the Court wants as

2

efficient a trial as can be presented, and its local rule reflects that sentiment.   The government's argument that there is no statutory or constitutional authority that provides for the disclosure of witness lists, cleverly skirts the local rule which patently does require such disclosure.

Finally, the government's purported security concerns are overstated.   The list is for *counsel* to be efficient and don't have anything to do with the defendants.   If the Court so desires, the list can be provided to counsel with instructions to shield it from the clients.   That will ferret out of if a disinclination to follow the local rule is truly based upon security concerns or a desire for a perceived advantage at the expense of trial efficiency.

DATED this 22nd day of September, 2011.


RAYMUNDO CORREA, by

*s/ Thomas B. Jubin*
Thomas B. Jubin


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the  e-mail addresses of all counsel presently of record in the case.

*/s/ Thomas B. Jubin*
Thomas B. Jubin